## Garman *v.* Gumbiner, Appellant.

*Affidavit of defense—Promissory notes—Failure of consideration—Notice.*

In an action on a promissory note given for a balance alleged to be due for work performed, an affidavit of defense is sufficient which avers that the payees had failed to complete the work according to the contract, and that the plaintiff, the indorsee of the note, took it with full knowledge of the failure of the consideration.

Argued Oct. 11, 1906. Appeal, No. 20, Oct. T., 1906, by defendants, from order of C. P. No. 3, Phila. Co., Sept. T., 1905, No. 3,716, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Adrian St. Garman v. Max Gumbiner. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*William T. Connor*, with him *John R. K. Scott*, for appellant.

*George P. Rich*, for appellee.

OPINION BY PORTER, J., December 10, 1906 :

The amended statement filed by the plaintiff, stripped of immaterial matters, sufficiently averred that Robert Tarlo & Son did certain work for the defendant, who accepted the same and paid a part of the consideration therefor in cash and upon account of the balance gave to Tarlo & Son his promissory note, payable to their order, for $210; that Tarlo & Son, for a valuable consideration, indorsed and delivered said note to the plaintiff, who took the same without notice of any failure or want of consideration, either in whole or in part, as between Tarlo & Son and the defendant, that when said note became due on August 16, 1905, the plaintiff presented the same to the defendant for payment; that the defendant thereupon paid the plaintiff on account of said note the sum of $100, and made a new note of that date for $110 also to the order of said Tarlo & Son, which they then and there indorsed and delivered to the plaintiff; and that when the latter note became due it was duly presented for payment to the defendant who failed to pay the same.

The affidavit of defense states, in substance, that Tarlo & Son had not done the work for the defendant according to the terms of the contract between them; that the defendant had made payments as averred in the statement upon account of said work and had given the note of June 17, 1905, upon account of the balance of the contract price as alleged in the statement; that at the time said note was given the work had not been completed; that Tarlo & Son had failed to complete the work according to the contract, which because of said failure was worth less than $470, instead of $585, the contract price, and that the consideration for the note now in suit had failed.

The affidavit of defense, further, denies that the plaintiff took the note of June 17, 1905, as well as the subsequent renewal note, on which this suit is brought, without notice of the failure of the consideration, as between Tarlo & Son, the payees, and the defendant. Assuming the statements of the affidavit to be true, the defendant has a complete defense to the note as against the payees, Tarlo & Son, and the appellee took the note with knowledge of that fact. These facts, if established by evidence, constitute a defense as against the

note in the hands of the appellee, and the court below fell into error in making absolute the rule for judgment for want of a sufficient affidavit of defense.

The judgment is reversed and a procedendo awarded.